Exhibit 1

Declaration of Mark A. Brown

J. WESLEY SAMPLES (CABN 321845)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7073
Fax: (415) 436-6748
Email: wes.samples@usdoj.gov

Attorneys for Defendants.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF CALIFORNIA ex rel. Xavier Becerra, Attorney General of California; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAII; PEOPLE OF THE STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; ATTORNEY GENERAL DANA NESSEL on behalf of the PEOPLE OF MICHIGAN; STATE OF MINNESOTA by and through Attorney General Keith Ellison; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA ex rel. Attorney General Joshua H. Stein; STATE OF OREGON; COMMONWEALTH OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA ex rel. Attorney General Mark R. Herring; STATE OF WISCONSIN,<br><br>    Plaintiffs,<br><br>v.<br><br>BETSY DEVOS, in her official capacity as Secretary of Education; and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants. | CASE NO.  4:20-cv-04717 SBA<br><br><br>**DECLARATION OF MARK A. BROWN** |

I, Mark A. Brown, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am Chief Operating Officer of Federal Student Aid ("FSA") in the U.S. Department of Education ("Department"). I was appointed to my position on March 4, 2019, by U.S. Secretary of Education Betsy DeVos. I served in the U.S. Air Force ("USAF") for 32 years and retired as a major general. Most recently I served as the deputy commander for the Air Education and Training Command. Prior to that I served in a series of roles in the USAF.

3. I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration. The statements contained herein are based on my personal knowledge as an employee of the Department, information that I have received in the performance of my official duties, and my review of the pertinent records.

4. Under the William D. Ford Federal Direct Loan ("Direct Loan") Program, the Department makes loans to students and parents to pay the costs of attendance at participating institutions of higher education. Under certain conditions, borrowers can have their loans cancelled or discharged.

5. Under § 455(h) of the Higher Education Act of 1965, as amended ("HEA"), 20 U.S.C. § 1087e(h), the Department is authorized to establish regulations under which borrowers may assert "acts or omissions of an institution of higher education . . . as a defense to repayment" of a Direct Loan. In 1994, the Department implemented the statutory requirement by publishing 34 C.F.R. § 685.206(c). The regulation went into effect in 1995 (the "1995 BD Regulation") and provided that a borrower could assert a defense against repayment of a Direct Loan based on an act or omission of the institution which would give rise to a cause of action against the institution under applicable State law.

6. On November 1, 2016, the Department published a new borrower defense regulation (the "2016 BD Regulation") with an effective date of July 1, 2017. The Department delayed the effective date of the regulation, but the delay was vacated and the regulation went into effect on October 12, 2018 as the result of court orders in *Bauer v. DeVos*, No. 17–cv–1330 (D.D.C.) and *California Association of Private Postsecondary Schools v. DeVos*, 17-cv-999 (D.D.C.).

7. The Department issued new regulations governing the process and standards for adjudicating borrower defense applications on September 23, 2019 (the "2019 BD Regulation").

8. In general, the effective date for the 2019 BD Regulation was July 1, 2020. Specifically, the new borrower defense provisions, which set forth a new standard and process for reviewing and resolving borrower defense applications, state that they are effective for new Direct Loans first disbursed on or after July 1, 2020.

9. Borrower defense discharge applications for Direct Loans first disbursed before July 1, 2020 are evaluated under the standard set forth in the 1994 BD Regulation, which was retained by the 2016 BD Regulation and the 2019 BD Regulation, or the standards set forth in the 2016 BD Regulation, depending on the date they were originated. Loans first disbursed before July 1, 2020, are processed under the procedures set forth in the 2016 BD Regulation, which was retained for such loans in the 2019 BD Regulation.

10. Generally, to apply for a borrower defense discharge under the 1994, 2016 or 2019 BD Regulation, the applicant must complete and submit a borrower defense application. The application asks for information FSA needs to evaluate the applicant's eligibility for a discharge.

11. Upon receiving the application, FSA reviews the information provided by the applicant and determines if the applicant has provided sufficient information to allow the application to be considered. In accordance with the Department's regulations, FSA provides the applicant's

school with notice of the application and a chance to respond to the applicant's claims. FSA evaluates the information received from the applicant and the school, as well as other records within our possession, and makes a decision on whether the applicant meets the requirements for a borrower defense discharge under the Department's regulations.

12.　As of the date of this declaration, FSA has not issued any decisions to borrowers adjudicated under the 2019 BD Regulation.

13.　Once an applicant submits a borrower defense application, their loans are placed in forbearance or in stopped collections status while his or her application is pending. The Department refers to this type of forbearance as an "administrative forbearance". Administrative forbearance allows a borrower to temporarily stop making payments on the borrower's federal student loan or temporarily reduce the borrower's monthly payment amount for his or her federal student loan for a specified period of time. "Stopped collections status" is when the Department stops engaging in involuntary debt collection against a borrower who has defaulted on a federal student loan, including through administrative wage garnishment and administrative offset.

14.　In March 2020, Secretary of Education Elizabeth DeVos announced that, in light of the economic challenges created by the Coronavirus, the Department would suspend collection efforts and not charge interest on student loans held by the Department.[1] Later that month, Congress passed and the President signed into law the Coronvirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136. Section 3513 of the CARES Act provides temporary relief for Federal student loan borrowers. Under that section of the CARES Act, all

---

[1] *See* U.S. Dep't of Educ., "Secretary DeVos Directs FSA to Stop Wage Garnishment, Collections Acts for Student Loan Borrowers, Will Refund More Than $1.8 Billion to Students, Families" (Mar. 25, 2020), *available at* https://www.ed.gov/news/press-releases/secretary-devos-directs-fsa-stop-wage-garnishment-collections-actions-student-loan-borrowers-will-refund-more-18-billion-students-families.

Declaration of Mark A. Brown
4:20-cv-04717 SBA

payments due on Federal student loans held by the Department are suspended and interest does not accrue on the loans. In addition, the CARES Act directs the Department to suspend all of its efforts to collect on the loans through involuntary collections such as Federal offset and administrative wage garnishment. In accordance with the CARES Act, FSA takes steps to return any garnishment payments incorrectly sent in by employers.

15. Under the CARES Act, the protections provided to Federal student loans borrowers with loans held by the Department would continue through September 30, 2020. However, on August 8, 2020, the President issued a Presidential Memorandum directing Secretary DeVos to extend the protections provided to Federal student loan borrowers under the CARES Act until the end of 2020.[2]

16. In accordance with the Presidential Memorandum, on August 21, 2020, Secretary DeVos directed FSA to extend the student loan relief to borrowers initiated by the President and Secretary in March 2020 through December 31, 2020. All borrowers with federally held student loans will have their payments automatically suspended until 2021 without penalty. In addition, the interest rate on all federally held student loans will be set to 0% through the end of the 2020 calendar year. During this extended time frame for the payment suspension, collections on defaulted, federally held loans will remain halted, and any borrower with defaulted federally held loans whose employer continues to garnish their wages will receive a refund of those garnishments. A true and correct copy of the press release announcing the Secretary's continuation of the suspension of collections, payments and accrual of interest on Federal student loans held by the Department is attached as Exhibit A. The Secretary's actions described in

---

[2] *See* Memorandum of August 8, 2020, Continued Student Loan Payment Relief During the COVID-19 Pandemic, 85 Fed. Reg. 49,585 (Aug. 13, 2020).

Exhibit A apply to all Federal student loans held by the Department including loans subject to the 2019 BD Regulation.

17. As a result of these actions, any Direct Loan borrower whose borrower defense discharge application is denied by FSA, including applications adjudicated under the 2019 BD Regulation, is protected from any negative consequences of that decision through at least the end of 2020.

I declare under penalty of perjury under the laws of the United States that the above is true and accurate. Executed on this 23rd day of September, 2020, in Washington, D.C..

*Mark A. Brown*
───────────────────────────
Mark A. Brown
Chief Operating Officer
Office of Federal Student Aid
United States Department of Education

Declaration of Mark A. Brown
4:20-cv-04717 SBA